## McKEE v. OWEN.

### (Supreme Court, Appellate Term. May 16, 1907.)

1. EVIDENCE—PAROL EVIDENCE—CONTENTS OF WRITTEN INSTRUMENT.

Oral evidence as to the contents of a written instrument is not admissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1678–1854.]

2. SAME—ADMISSIONS BY HUSBAND.

Conversations with a defendant's husband are not admissible against defendant, where there is no evidence of agency.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 953.]

3. TRIAL—DISMISSAL—FAILURE OF PROOF.

Where plaintiff failed to establish a cause of action, the complaint is properly dismissed for failure of proof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 360.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Thomas H. McKee against Marie Louise Bigelow Owen. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Henry Amerman, for appellant.
Charles Adkin Baker, for respondent.

SEABURY, J. The plaintiff claimed that his partner and himself rendered legal services to the defendant, and that an account was stated between the parties. Although the plaintiff sued as the assignee of his partner's interest in the claim, no evidence of the assignment was offered upon the trial. The plaintiff wholly failed to establish a cause of action.. This failure he now attributes to the rulings of the trial justice, sustaining objections that were made to questions which he propounded to witnesses. An examination of the record discloses that these questions called for the contents of a written instrument, and were in other respects objectionable. Other questions called for conversations with the defendant's husband, although there was no evidence that he was authorized to represent his wife in the transaction under consideration. Objections to these questions were properly sustained. Indeed, the plaintiff seems to have appreciated that his case was not established, and at the close of the case he asked for an adjournment to permit him to produce evidence showing that the defendant's husband was her agent. Whether an adjournment should have been granted at this time was discretionary with the trial justice, and his refusal to permit it in this case was not an abuse of discretion. The complaint was properly dismissed for the failure of proof.

Judgment affirmed, with costs. All concur.